SCHNITZ BROTHERS a co-partnership, consisting of Sam Schnitz and Ben Schnitz, Respondents, v. BOLLES & ROGERS COMPANY, a corporation, Appellant.

(186 N. W. 96.)

**Evidence — testimony of market value based on reports neither offered nor proved trustworthy is incompetent.**

1. Testimony of the market value of hides in the Chicago market on a certain day, which is based upon current reports of a publishing company neither offered in evidence nor proved to be representative and trustworthy, is incompetent.

**Evidence — evidence of individual sales before and after tendered delivery is incompetent, unless under conditions sufficiently similar to show market value.**

2. Where market value is sought to be established, evidence of individual sales of hides upon dates anterior and posterior to the time of a tendered delivery is incompetent unless shown to be at a time sufficiently near and under conditions sufficiently similar to aid in the determination of the market value at the date of the tendered delivery.

Opinion filed Dec. 14, 1921. Rehearing denied Jan. 3, 1922.

Action in District Court, Stark County, *Crawford,* J., to recover damages for failure to accept hides pursuant to a contract of sale. Defendant has appealed from a judgment in plaintiff's favor.

Reversed and new trial granted.

*T. F. Murtha* and *A. P. Reed,* for appellant.

*Simpson* & *Mackoff,* for respondents.

If there is any evidence whatever from which the jury could decide the fact, such finding by the jury will not be disturbed by any appellate court. F. A. Patrick Co. v. Austin (N. D.) 127 N. W. 109; Lowry v. Piper (N. D.) 127 N. W. 1046; Nilson v. Horton (N. D.) 123 N. W. 397; Acton v. Fargo & M. St. Ry. Co. (N. D.) 129 N. W. 225; Casey v. First Nat'l Bank (N. D.) 126 N. W. 1011; Mont. Eastern Ry. Co. v. Lebech, 32 N. D. 162; Northern Trust Co. v. Bruegger, 35 N. D. 150.

Written contract cannot be changed by oral testimony. Custom must be pleaded. 17 C. J. 516, § 80; Stevens v. Casualty Co. 12 N. D. 463; Sykes v. Bank, 49 N. W. 1058 (S. D.); Case Threshing Mach. Co. v. Loomis, 31 N. D. 27; First Nat'l Bank v. Aberdeen (S. D.) 137 N. W. 597.

The rule is that the plaintiff may recover damages which manifests itself up to the time of the verdict, where the wrong consists in the breach of a contract. Mason v. Alabama Iron Co. 73 Ala. 270; Southern Bell Tel. Co. v. Earlé, 118 Ga. 506, 45 S. E. 319; Russell v. Excelsior Store Co. 120 Ill. A. 23; Kochenrath v. Christman, 203 S. W. 738 (Ky.) Standard Oil Co. v. Denton, 70 S. W. 282 (Ky.); Allen v. Encroth, 111 Minn. 395, 127 N. W. 426.

BRONSON, J. This is an action for breach of a contract. The defendant has appealed from a judgment entered upon a verdict of $2,078 in plaintiff's favor. In the evidence it appears that the plaintiffs made a contract with the defendant to deliver May 18 to May 20, 1920, a minimum carload of green, salted hides, at 20½ cents for No. 1's and 19½ cents for No. 2's, freight paid to Chicago; the hides to be in merchantable condition, banked overnight, and 2 per cent. tare deducted. Pursuant to this contract, the defendant sent its representative to Dickinson, N. D., the plaintiffs' place of business, on May 18, 1920, to inspect and receive the hides. On that date the parties proceeded to bank the hides, preparatory to shipment. In the course of this operation a dispute arose between the plaintiffs and the representative concerning an allowance or deduction upon hides affected with manure other than the 2 per cent. tare mentioned in the contract. The representative, upon objections made by the plaintiffs to this manurance dockage, final-

ly telegraphed to the defendant to the effect that the contract did not show manure dockage; that the plaintiffs would not allow any manure dockage; that the defendant should wire him what he should do. The defendant replied, "Leave the hides and take first train home." In accordance with some evidence adduced by the plaintiffs, which was denied by evidence of the defendant, the plaintiffs then told the representative that they wanted him to take the hides; that they would give him all the manure dockage he wanted; that the representative replied to this offer that he did not want these hides even if they allowed him any dockage he wanted. Immediately, on that day, the plaintiffs then served upon the representative the summons in this action. The representative left without receiving the hides. The defendant subsequently appeared in the action, and the plaintiffs served a complaint to recover damages for the failure to receive such hides pursuant to the contract.

Much evidence was introduced by the parties concerning the meaning of the contract, merchantable condition of hides, the operation of banking, the meaning of 2 per cent. tare, and the custom of the trade for allowance of dockage for manure. Plaintiff's testimony is to the general effect that no dockage for manure was deductible excepting the 2 per cent. tare mentioned in the contract. The defendant's testimony is to the general effect that the 2 per cent. tare is the allowance provided for shrinkage in transportation, and that the custom of the trade is to deduct dockage for manurance where it exists upon hides submitted. One of the plaintiffs testified that he had been in the hide business for some nine years; that the market price of hides is determined by the price at Chicago less freight; that he had not been in Chicago during that year; that they kept posted on the market price of hides through a publishing company which sent reports and telegrams to them when the market dropped; that just prior to the time when the representative came they had received a telegram from this publishing company, and on May 20th they received another telegram; that the market price of hides on May 18, 1920, was 12 cents; that the telegrams referred to the price of hides on a particular date; that they were in code and addressed to them; that he based his information upon the market price pursuant to this publishing company's reports and its telegrams. He further testified that he had one of these telegrams and could get the other from the telegraph office. The telegrams were not produced and were not offered in evidence. He otherwise testified that when he was in Min-

neapolis May 12th and 13th the market was in an unsettled condition; that it was unsettled on May 18th; that on May 12th he was offered 12 cents from one party for hides; that they could not sell these hides in Chicago on May 18th; that later they received an offer from another party of 12 cents for these hides, and on June 9th sold them to another party for 14½ cents flat, natives and brands mixed. The defendant offered testimony to the effect that the market price on hides continued about the same until June; that, upon the refusal of the plaintiffs to allow dockage and to fulfill their contract, it purchased other hides, in place of the hides it should have received from the plaintiffs, on May 19, 1920, at 20¾ cents and 19¾ ecnts, which included three-fourths of a cent brokerage commission to the defendant. The defendant has specified many errors in the reception of the evidence and in the instructions of the trial court. In particular it contends that the trial court erred in receiving testimony concerning the market value of the hides after May 18, 1920, in permitting one of the plaintiffs to testify as to the Chicago market price on May 18th or thereabouts, in connection with the testimony of the market value on May 18th and of the sales made on different dates as throwing light thereupon; further, that the evidence is insufficient to establish a market price on May 18, 1920, so as to justify the verdict rendered by the jury.

In view of the question that is determinative of this appeal, in our opinion, it is unnecessary to further state the assignments of error or the evidence in connection therewith. We are of the opinion that the record fails to show the market value of the hides for which a contract was made on May 18, 1920, so as to justify the verdict returned by the jury; further, that the trial court erred in receiving the evidence of one of the plaintiffs as to the market value of the hides in question on May 18, 1920, and in receiving other evidence of sales or of market value on a date different than May 18, 1920. Pursuant to the Uniform Sales Act, the measure of plaintiffs' damages for loss in the price of the hides is the difference between the contract price and the market or current price at the time when the goods ought to have been accepted. Section 64, chap. 202, Laws 1917. See Mpls. Thresh. Mach. Co. v. McDonald, 10 N. D. 408, 187 N. W. 993. The representative of the defendant was present on that day for that purpose; the plaintiffs tendered such hides for acceptance, if at all, on that day; they commenced their action for breach of the contract on such day. The plaintiffs attempted to assert and

to establish a market value for such hides. Accordingly the measure of loss in the price sustained is the difference between the contract price and the market price of the hides on May 18, 1920. 35 Cyc. 594; 22 C. J. 187, 190.

The market value of hides on May 18, 1920, was the Chicago market, less freight. The plaintiffs attempted to establish this market value through the market reports made by a publishing company. The testimony of one of the plaintiffs so attempting to establish the market value on May 18, 1920, is based upon information received from this publishing company. The market reports of this publishing company would be competent evidence to establish market value, provided they were trustworthy and representative of transactions actually consummated or proposed in good faith and obtained from authoritative or reliable sources in the usual course of business. Wigmore on Evidence, vol. 3, § 1704; 22 C. J. 188; Houston Packing Co. v. Griffith (Tex. Civ. App.) 164 S. W. 431. See Fountain v. Wabash Ry. Co., 114 Mo. App. 676, 90 S. W. 393; Fairley v. Smith, 87 N. C. 367, 42 Am. Rep. 522. No testimony was afforded in the record to show that these market reports were trustworthy. The plaintiffs offered to produce, but did not produce, such reports. If produced, upon the record, insufficient foundation was laid for their admission. A fortiori the direct testimony of one of the plaintiffs of the market value of the hides on May 18, 1920, based on such market reports, was incompetent. Wigmore on Evidence, vol. 1, § 717.

Likewise the testimony of private sales made before or after May 18, 1920, were incompetent to establish the market value of the hides on May 18, 1920, unless made at a time sufficiently near and under conditions sufficiently similar, to be corroborative of the market value of hides attempted to be proved on such date. 22 C. J. 188, 190; 24 R. C. L. 74.

Judgment must be reversed, and a new trial granted.

It is so ordered.

Grace, C. J., and Christianson, Robinson, and Birdzell, JJ., concur.